UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

MOMA BEAUTY SALON,

Plaintiff

V

Mr. CLETUS GAZA,
AYALEX GROUP,
EAST COAST WAREHOUSE,

Defendants

Docket No. _____

*IN ADMIRALTY*

Jury Trial: **No**

## COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

I. **The Parties to This Complaint**

**A. The Plaintiff**
Name: MOMA Beauty Salon Inc.
Street Address: 1101 N Rolling Rd, Suite 1-A,
City & County: Catonsville, Baltimore County
State and Zip Code: MD 21228.
Telephone Number: (443)315-5159

**B. The Defendants**

**Defendant No. 1**
Name: Cletus Gaza
Street Address: 8836 Washington Blvd, Unit 101
City and County: Jessup, Howard County
State and Zip Code: MD 20794
Telephone Number: (443)231-8127

**Defendant No. 2**
Name: AYALEX Group
Street Address: 6715 Backlick Road, Suite 202
City and County: Springfield, Fairfax County
State and Zip Code: VA 22150
Telephone Number: (703)495-7078
Email Address: shipping@ayalexgroup.com

1

**Defendant No. 3**
Name:             East Coast Warehouse & Distribution Corp
Title:            Custodian of Records
Street Address:   1601 Finishing Mill Road, Suite 101
City and County:  Sparrows Point, Baltimore County
State and Zip Code: MD 21219
Telephone Number: (443)423-1691
Email Address:    BWI-CES@eastcoastwarehouse.com

## II. Basis for Jurisdiction

a. Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1333 grant the district court original jurisdiction over admiralty and maritime matters. This is a case of admiralty and maritime jurisdiction, and Plaintiff asserts an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

b. Venue is proper in this District pursuant to Rule 9(F) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules") because the ocean shipping container that is the subject of this action was stuffed and loaded for export on a ship in the Port of Baltimore located within this judicial District

## III. Statement of Claim

Plaintiff, through the undersigned counsel, LAW OFFICES OF SOLOMON EGBE PLLC, hereby files this Complaint, and alleges upon information and belief as follows.

1. Plaintiff, Moma Beauty Salon Inc., is a Maryland corporation with its principal place of business at 1101 N Rolling Rd, Suite 1-A, Baltimore, MD 21228. They are engaged in the business of operating a beauty salon and barber shop, and in importing/exporting goods by sea to and from ports in the United States amongst.

2. On September 17, 2023, Messrs. Moma Beauty Salon hired Defendant, Mr. Cletus Gaza, a citizen of the State of Maryland who presented himself as a Freight Forwarder, to assist them with the shipment of a forty-foot (40FT). (see Exhibit 1, Bill of lading)

3. The container was stuffed with a 2015 Hyundai Santa Fe, a 2007 Mitsubishi Outlander, a 1995 Toyota Tacoma, scores of I-phones and other consumable goods earmarked for sale at the destination port, Douala, Cameroon. (see Exhibit 1, page 2, Cargo Manifest)

4. Plaintiff paid Mr. Cletus Gaza $75916 ($5916 shipping charges + $2000 demurrage). The $5916 was for freight forwarder fees and services under 46 CFR IV (B) I & II, and Mr. Gaza promised to pay that amount to Ayalex Group purported to be his business partners.

5. Defendant, Ayalex Group (or Ayalex LLC) is a Virginia Corporation and an NVOCC and OTI, licensed under the Federal Maritime Commission (FMC#023657N), with principal place of business at 6715 Backlick Road, Springfield, VA 22150.

**Negligence**

6. On September 17, 2023, Ayalex Group issued Bill of Lading #231334832 to Mr. Cletus Gaza for the benefit of Moma Beauty Salon's cargo booked to be loaded onto M/V MSC Candice for voyage 339E, creating a duty for Defendants to provide the stipulated services with the level of professionalism reasonably expected from a freight forwarder.

7. The Defendants negligently assigned a wrong container for the cargo causing the container to be drayed back to the warehouse where it was unstuffed, and then then re-stuffed into the correct container.

8. US Customs subsequently flagged the container for secondary inspection and Plaintiff's representatives (Cletus Gaza and/or Ayalex) were notified, but Defendants did not convey this information to Plaintiff, causing the container to be unstuffed for inspection and re-stuffed at East Coast Warehouse & Distribution Corp's (ECW) warehouse without the Plaintiff's representatives being present to ensure that cargo was properly loaded. This resulted in the container being stuffed incorrectly.

9. East Coast Warehouse and Distribution Corp is a corporation that engages in stuffing and un-stuffing import and export containers that are subject to the Carriage of Goods by Sea and Transport of Goods by Sea Acts (COGSA). This container was handled at one of its principal places of business located at: East Coast Warehouse, 1601 Finishing Mill Rd, Suite 101, Sparrows Point, MD 21219.

10. When the US Customs inspection was completed, the Plaintiff's representative(s) (Cletus Gaza and Ayalex) failed to notify him in a timely manner again, causing the container to incur unnecessary additional demurrage charges. (See Exhibit 2, Additional Demurrage and late Charges)

11. Because the container was negligently re-stuffed after inspection and because Defendants did not provide an opportunity for Plaintiff to make his expert container handlers available to supervise the operation, the cargo was severely damaged during transit. Dozens of I-phones were damaged, the windshields of the three cars in the container were cracked and destroyed, the packaging of various consumer goods in the container were destroyed and contents spilled all over inside the container.

12. On February 21, 2024, a cargo damage survey was conducted jointly by the Court Bailiff (Huissier de Justice) and the Port Police in the discharge Port of Douala, Cameroon (see Exhibit 3, cargo survey report).

**Breach of Contract and Fraud**

13. In addition to paragraphs 7 through 10 supra, when the container arrived at Douala, the Consignee, Moma Beauty Salon's representative, could not clear the container through customs because, according to Ayalax Group, Mr. Cletus Gaza never transferred the freight

3

charges and fees payments that Moma Beauty Salon made to him to pay the freight forwarder.

14. Plaintiff entered into a contract with Cletus Gaza for the shipment of a container to Douala, Cameroon, as evidenced by the attached Bill of Lading (Exhibit 1). Plaintiff performed on the contract by making payments to Cletus Gaza (See Exhibit 5, Payments to Cletus Gaza), but Defendant (Cletus Gaza) breached the contract by subcontracting his freight forwarding obligations to Ayalex, and not paying Ayalex for their services.

15. As a result of Cletus Gaza's misappropriation of the funds intended for the freight forwarder, Ayalex Group, Mr. Divine Moma, the Moma Beauty Salon representative who had traveled to Douala (Republic of Cameroon in Africa) to clear the container through Customs, became stranded in Douala for two months and three weeks while attempting to clear the container.

16. Under duress, Plaintiff had to pay $5916 a second time on February 15 2024, but this time directly to Ayalex Group for them to release the container to the Consignee.

17. Unfortunately, because the used cars, I-phones and other goods had been damaged, Plaintiff had to negotiate salvage prices with buyers before they could accept the goods.

18. On or before May 13, 2024, Defendants were put on notice of Plaintiff's intention to file this Complaint if this matter was not resolved amicably (See Exhibit 6, Receipt for Delivery of notice to Defendant Cletus Gaza), but up till the filing of this action in court, Defendant, Cletus Gaza, has avoided negotiations and not refunded Plaintiff's freight forwarding fees or any related damages.

## IV.   Relief

WHEREFORE, Plaintiff pray:

a) That this court issue an order directing Defendants Cletus Gaza and Ayalex to jointly or severally reimburse the $5916 plus interest that Plaintiff paid twice to them for the same freight forwarding services and fees;

b) That this court issue an order directing Defendants to pay $3200 to Plaintiff for demurrage that he was forced to pay because through their negligence, he was assigned a wrong container, was not notified in a timely manner when his container was flagged for secondary inspection, and when it was ready for pick up;

c) That this court issue an order directing Defendants to pay $24,900 for revenue Plaintiff lost due to business interruption when his beauty salon in Baltimore was inactive while he was stuck in Douala, Cameroon, dealing with container clearance delays caused by Defendant(s);

d) That this court issue an order directing Defendants to pay $7,750 to Plaintiff for loss of income that Plaintiff's representative suffered when he couldn't report to his healthcare job in

Baltimore because he was stuck in Douala, Cameroon, due to the Defendants' negligence and Defendant, Cletus Gaza's malfeasance;

e) That this court issue an order directing Defendant(s) to pay $4,376 to Plaintiff for hotel charges that they had to pay in Douala, Cameroon, for their representative to stay there and resolve issues that were causing delays in clearing their container through customs because Defendant did not pay money that they were supposed to pay to the shipping lines and/or freight forwarder; and

f) That the Court may grant such other and further relief at the justice of the cause may require.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated of signing:  November 15, 2024

Attorney for Plaintiff:

*/s/ Solomon Egbe*

LAW OFFICES OF SOLOMON EGBE PLLC
Solomon Egbe
Bar No:  30890
2001 L St NW, Suite 500
Washington, DC 20036
(410)736-0739
Segbe@lawyer.com